Matter of Canton (2019 NY Slip Op 05836)





Matter of Canton


2019 NY Slip Op 05836


Decided on July 25, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 25, 2019

[*1]
In the Matter of RICARDO A. CANTON, a Disbarred Attorney.

COMMITTEE ON PROFESSIONAL
 STANDARDS, Now Known as
 ATTORNEY GRIEVANCE COMMITTEE
 FOR THE THIRD JUDICIAL 
 DEPARTMENT,
 Petitioner;

RICARDO A. CANTON,
 Respondent.

(Attorney Registration No. 2143238)

Calendar Date: June 17, 2019

Before: Garry, P.J., Clark, Aarons and Rumsey, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Lauren S. Cousineau of counsel), for petitioner.
Ricardo A. Canton, Metuchen, New Jersey, respondent
pro se.



Per Curiam
MEMORANDUM AND ORDER
Per Curiam.
Respondent was admitted to practice by this Court in 1980. He previously maintained a law practice in New York City.
By March 2003 order, this Court struck respondent's name from the roll of attorneys due to his disbarment arising from his October 2002 plea of guilty in the United States District Court for the Southern District of New York to two federal narcotics felonies (303 AD2d 902 [2003]). Respondent now applies for reinstatement by motion made returnable in October 2018. Petitioner opposes the motion. We referred the application to a subcommittee of the Committee on Character and Fitness for a hearing and report pursuant to Rules of the Appellate Division, Third Department (22 NYCRR) § 806.16 (a) (5). Respondent appeared before the subcommittee in February 2019, and he participated in a comprehensive alcohol and substance abuse evaluation in March 2019. The subcommittee issued a report in May 2019 unanimously recommending that respondent's application for reinstatement be denied. Respondent subsequently submitted an affidavit in response to the subcommittee's recommendation.
As an initial matter, we find that respondent has met his threshold burden through his submission of the required documentation in support of his application, including proof that he has successfully completed the Multistate Professional Responsibility Examination within one [*2]year preceding his application (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]; part 1240, appendix C). Nevertheless, upon our review of, among other things, respondent's application, his submissions to the Court, the report from the alcohol and substance abuse evaluator and the testimony before the subcommittee and its recommendation, we conclude that respondent has not shown by clear and convincing evidence that he possesses the requisite character and general fitness to resume the practice of law in New York (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]). Lacking this requisite showing, respondent's application for reinstatement is fatally flawed and must be denied (see Matter of Oswald, 135 AD3d 1154 [2016]; Matter of Koziol, 134 AD3d 1298, 1299 [2015]).
Garry, P.J., Clark, Aarons and Rumsey, JJ., concur.
ORDERED that respondent's application for reinstatement is denied.